■ EAST HARLEM MANAGEMENT GROUP, INC., Appellant, v MARY ANN PHIPPS SILBERMANN, Respondent, et al., Defendants. MARY ANN PHIPPS SILBERMANN et al., Third-Party Plaintiffs-Respondents, v SEYMOUR SCHORR et al., Third-Party Defendants-Appellants. (And Another Action.) [807 NYS2d 69]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered on or about February 23, 2005, after a nonjury trial, insofar as appealed from as limited by the briefs, dismissing plaintiff's complaint in action No. 1 except insofar as it alleges conversion of personal property, unanimously affirmed, without costs.

As the trial court found, the certifications issued exclusively to defendant's decedent, Dr. Silbermann, examined within the applicable statutory and regulatory framework, compel the conclusion that when he decided to terminate his relationship with appellants in 1997, he alone, as the sole certificate holder of The Eugene Silbermann, M.D., Methadone Maintenance Treatment Program, had the right to continue operating the subject methadone program, and to do so out of the premises from which it was authorized to operate and without disruption of the personnel structure in place. To hold in favor of appellants on this issue of operational authority, i.e., to accept their inapt characterization of themselves as the "owners" of the program, would, as the trial court concluded, effectively nullify the entire regulatory scheme governing the lawful distribution of methadone (Mental Hygiene Law art 32, former art 23). Indeed, appellants concede that they received no authorization from the relevant authorities to operate the program, and provided no written disclosure of any equity interest therein (*see* Mental Hygiene Law former § 23.01 [a]; § 23.07 [a] [3], [4], [5]; [b] [4]). While " '[t]he violation of a statute that is merely malum prohibitum will not necessarily render a contract illegal and unenforceable' " (*Chirra v Bommareddy*, 22 AD3d 223, 224 [2005]), the only pertinent contract disclosed in this record is that found by the trial court, namely, an oral, at-will management contract between Dr. Silbermann and plaintiff East Harlem Management Group, Inc., under which the latter, acting as the former's agent, provided administrative services to the program. In this regard, the evidence shows, inter alia, that the program's employees were paid exclusively with funds that were generated by the program and deposited into a bank account controlled by Dr. Silbermann. Quite apart from the regulatory framework, plaintiff's issuance of W-2 forms and payroll checks was entirely consistent with its role as a management company. We have considered appellants' other arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Nardelli and Catterson, JJ.